IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ERIC JEROME LEONARD, #199212,          )
                                        )
         Plaintiff,                     )
                                        )
                                        )
v.                                      )     CIVIL ACTION NO. 3:04-CV-146-MEF
                                        )                    [WO]
                                        )
DOUGLAS CHAMBERS, et al.,               )
                                        )
         Defendants.                    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Eric Jerome Leonard ["Leonard"], a state inmate, initiated this 42 U.S.C. § 1983

complaint against Douglas Chambers, President of J. F. Ingram State Technical College,

John Cummings, the warden of Frank Lee Youth Center, NaphCare Medical Services, Inc.,

Dr. Marc Sonnier and nurses Deborah Austin, Ann Long, Aaron Bee and Brenda Parnell.[1]

Leonard contends that on August 11, 2003, while attending class at the technical college,

defendants Chambers and Cummings acted with deliberate indifference and gross negligence

to his safety because a bucket fell from the roof hitting him in the head which resulted in his

being injured.  Leonard further complains that the medical defendants denied him adequate

treatment for injuries he sustained as a result of this incident.

---

[1] Leonard identifies the warden as Cummings and the last named nurse as Parnell.  The evidentiary
materials filed in this case demonstrate that the appropriate spellings for the surnames of these individuals are
Cummins and Pernell.  However, for purposes of this Recommendation, the court will refer to the
aforementioned defendants as they are identified by Leonard in his complaint and the amendment thereto.

The defendants filed special reports and supporting evidentiary materials addressing Leonard's claims for relief.   Pursuant to an order entered herein, the court deems it appropriate to treat these reports as motions for summary judgment.  *Order of October 15, 2004 - Court Doc. No. 32*.  Thus, this case is now pending on the defendants' motions for summary judgment.  Upon consideration of such motions, the evidentiary materials filed in support thereof and Leonard's response in opposition to the motions, the court concludes that the defendants' motions for summary judgment are due to be granted.

## I.  FACTS

On August 11, 2003, Leonard attended class at the J. F. Ingram State Technical College at which time a private contractor had undertaken renovation of the school's roof. Leonard exited a building when a bucket fell from the roof and struck him in the head. Correctional officers transported Leonard to the health care unit at the Staton Correctional Facility for treatment of his injury.  Nurse Helms examined Leonard and observed a "very [small] superficial laceration" to the right temple with "[zero] bleeding."  *Medical Records of Eric Jerome Leonard - Emergency Treatment Record for August 11, 2003*.[2]  The nurse cleansed the involved area, applied a topical ointment and placed a "steri strip" over the laceration.  *Id*.  The attending physician, Dr. Sonnier, prescribed Motrin for Leonard's complaint of pain.  *Medical Records of Eric Jerome Leonard - Medication Administration*

---

[2]The medical records are attached as an exhibit to the special report filed by NaphCare Medical Services, Inc. on June 2, 2004.

*Record for August 11, 2003*; *Medical Defendants' Exhibit A - Affidavit of Dr. Marc Sonnier* at 2.

On August 12, 2003, Leonard submitted a health services request form in which he complained of migraine headaches and requested referral to an eye doctor.  Based on this request and "[c]onsidering the possibility of visual causes of patient's headaches," Dr. Sonnier immediately scheduled Leonard an appointment with an optometrist.  *Medical Defendants' Exhibit A - Affidavit of Dr. Marc Sonnier* at 2; *Medical Records of Eric Jerome Leonard - Physician Treatment Record for August 13, 2003*.  Dr. Sonnier also renewed Leonard's prescription for Motrin.  *Medical Records of Eric Jerome Leonard - Medication Administration Record for August 13, 2003*.

On August 15, 2003, the optometrist, Dr. Bradford, examined Leonard.  As a result of this examination, Dr. Bradford provided Leonard a prescription for eye glasses and recommended referral to an ophthalmologist for further evaluation of Leonard's complaints which suggested possible retinal detachment.  *Medical Records of Eric Jerome Leonard - August 15, 2003 Eye Examination Sheet*.  In accordance with this recommendation, medical personnel scheduled Leonard an appointment with S. Douglas Owens, M.D., a certified ophthalmologist.  Correctional officials transported Leonard to Dr. Owens on August 29, 2003 for evaluation.  During his examination of Leonard, Dr. Owens found "no sign of ocular injury - no R/D [retinal detachment]!"  *Medical Records of Eric Jerome Leonard - Hospital/Consultant Referral Form of November 6, 2003*.

3

On October 31, 2003 and November 5, 2003, Leonard submitted health services request forms in which he complained of migraine headaches.  Based on Leonard's complaints, the attending physician prescribed Inderal.[3]  *Medical Records of Eric Jerome Leonard - Physician Treatment Record for August 13, 2003*.

## II.  STANDARD OF REVIEW

To survive the defendants' properly supported motions for summary judgment, Leonard is required to produce some evidence which would be admissible at trial supporting his constitutional claims.  *See* Rule 56(e), *Federal Rules of Civil Procedure*.  Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  To meet this standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party.  *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990).  A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment.  *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984).  Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear

---

[3]The Medical Desk Reference lists Inderal, the brand name for propranolol, as a beta-adrenergic blocking agent and indicates that this substance is used in the prevention of migraine headaches.

the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts ....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving part, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Consequently, where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to any material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the

5

nonmoving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  In this case, Leonard has failed to demonstrate that there is a genuine issue of material fact in order to preclude summary judgment.  *Matsushita*, *supra*.

## III.  DISCUSSION

### A.  The Negligence Claim

Leonard argues that by sending him to attend classes "in an unsafe environment" defendants Chambers and Cummings acted with "gross neglect to [his] personal safety." *Plaintiff's Complaint* at 3.  The law is well settled that the Constitution is not implicated by negligent acts of officials causing unintended loss of life, liberty or property.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (protections of the Constitution "are just not triggered by lack of due care ..."); *Chandler v. Crosby*, 379 F.3d 1278, 1289-1290 (11th Cir. 2004) (neither negligence nor gross negligence amounts to a constitutional violation).  The negligent act about which Leonard complains does not rise to the level of a constitutional violation and therefore provides no basis for relief in this 42 U.S.C. § 1983 action.

### B.  The Deliberate Indifference Claims

**1.  <u>Deliberate Indifference to Personal Safety</u>**.  Correctional officials may be held liable under the Constitution for acting with "deliberate indifference" to an inmate's safety

when the official knows that the inmate faces "a substantial risk of serious harm" and with such knowledge disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, ... and [that] the official does not respond[] reasonably to the [known] risk'...." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001)(en banc), *quoting Farmer*, 511 U.S. at 844. Furthermore, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer*, 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). In order to survive summary judgment on this claim, Leonard is therefore "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and

7

(3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

The evidentiary materials submitted by defendants Chambers and Cummings refute Leonard's conclusory allegation that they acted with deliberate indifference to his safety. Specifically, the defendants assert that they had no knowledge nor reason to believe that a bucket would fall from the roof and strike Leonard on the head. *Defendant Chambers Exhibit A - Affidavit of Douglas Chambers* at 1-2; *Defendant Cummings' Exhibit A - Affidavit of John F. Cummins* at 2. Moreover, the record is completely devoid of any evidence that the defendants had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to Leonard, that the defendants actually drew this inference and thereafter ignored the risk. Leonard has therefore failed to establish the requisite element of subjective awareness on the part of defendants Chambers and Cummings. *Carter*, 352 F.3d at 1350. Consequently, the defendants are entitled to summary judgment on this claim.

2. **Deliberate Indifference to Medical Needs.** "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail on a deliberate indifference claim, an inmate must establish "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an actual inference of required action from those

8

facts." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (for liability to attach, prison officials must know of and then disregard an excessive risk to the prisoner); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986).  Thus, deliberate indifference occurs only when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (defendant must have actual knowledge of a serious condition, not just knowledge of symptoms, and ignore known risk to serious condition for finding of deliberate indifference).

"In articulating the scope of inmates' right to be free from deliberate indifference, however, the Supreme Court has also emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787.  Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted).  Mere incidents of negligence or malpractice do not rise to the level of constitutional violations.  *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel*, 888 F.2d at 787-88 (mere negligence or medical malpractice 'not

9

sufficient' to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference).  Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment.  *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977))." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).  Moreover, "whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment and therefore not an appropriate basis for liability under the Eighth Amendment."  *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995).

The undisputed medical records demonstrate that medical personnel routinely examined Leonard and prescribed medications to him in accordance with their evaluations of his condition.  The records also demonstrate that health care personnel dispensed these medications in accordance with the prescriptions provided to Leonard.  Additionally, the evidentiary materials demonstrate that Dr. Sonnier referred Leonard to an optometrist for evaluation of those complaints possibly associated with optical problems.  The optometrist examined Leonard and referred him to a free-world ophthalmologist for additional evaluation.  Leonard underwent this evaluation on August 29, 2003 at which time the ophthalmologist found no ocular injury or retinal damage.

This court has conducted a thorough and exhaustive review of all the evidentiary materials submitted by the parties in this case.  After such review, the court concludes,

without hesitation, that the course of treatment undertaken by the defendants was neither grossly incompetent nor inadequate.  Moreover, there is nothing in these materials which indicates that the defendants disregarded any risk of harm to Leonard's medical needs. Leonard has merely alleged his dissatisfaction with the medical treatment he received.  The mere fact that Leonard desired a different course of treatment, without more and in light of the acknowledged facts of this case, does not amount to deliberate indifference.  *Waldrop*, 871 F.2d at 1033; *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985).  The record before this court is devoid of evidence indicating that the defendants acted with deliberate indifference.  In light of the foregoing, summary judgment is due to be granted in favor of the defendants.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motions for summary judgment be granted.

2.  Judgment be entered in favor of the defendants.

3.  The costs of this proceeding be taxed against the plaintiff.

4.  This case be dismissed with prejudice.

It is further

ORDERED that on or before May 22, 2006 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised

11

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done this   9th day of May, 2006.

/s/ Delores R. Boyd

UNITED STATES MAGISTRATE JUDGE